UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | CASE NO. C22-856 MJP |
| Plaintiff, | ORDER ON MOTION FOR DEFAULT JUDGMENT |
| v. | |
| KCD TRUCKING INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 8.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS Default Judgment in Plaintiff's favor on the terms specified in this Order.

## BACKGROUND

Plaintiff Northwest Administrators, Inc. is the authorized administrative agent for and assignee of the Washington Teamster Welfare Trust Fund ("Trust"). Plaintiff brings this lawsuit against Defendant to obtain employee benefit contributions, liquidated damages, attorneys' fees, and costs that Defendant allegedly owes to the Trust for work performed by Defendant's

1   employees who are members of the bargaining unit represented by Local 174 of the International

2   Brotherhood of Teamsters ("Local"). (See Affidavit of Russell J. Reid ¶ at 2 (Dkt. No. 8 at 2-7).)

3   Defendant is bound by a collective bargaining agreement with the Local, which requires

4   Defendant to promptly report on and make monthly contributions to the Trust for hours worked

5   by Defendant's employees within the bargaining unit. (Declaration of Hunter Hughes ¶¶ 4 and

6   Exs. A & B thereto (Dkt. No. 9).) The Trust's Agreement and Declaration of Trust requires

7   Defendant to pay liquidated damages of 20% for all delinquent and delinquently paid

8   contributions and interest. (Hughes Decl. ¶ 6 & Ex. B.) Plaintiff alleges and provides evidence

9   that Defendant delinquently paid its contributions for January 2022 in the amount of $63.10.

10  (Hughes Decl. Exs. D and E.) Plaintiff has calculated the liquidated damages at $12.62 and the

11  interest at $0.87 from January 2022 through July 28, 2022. (Reid Aff. ¶ 11 & Ex. E.) And

12  Plaintiff claims to have incurred $552.15 in attorneys' fees and $482 in court costs.

13          Plaintiff has requested and obtained an order of default, after having served Defendant.

14  (Dkt. Nos. 4, 6-7.) Plaintiff now seeks entry of default judgment in the following amounts: (1)

15  $63.10 in delinquent contributions; (2) $12.62 in liquidated damages; (3) $0.87 in interest; (4)

16  $552.15 in attorneys' fees; and (5) $482.00 in court costs.

17                                          **ANALYSIS**

18          A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616

19  F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts

20  prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d

21  1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default

22  judgments, courts may consider a variety of factors, including:

23          (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive
            claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action;

24

1    (5) the possibility of a dispute concerning material facts; (6) whether the default was due
2    to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
     Procedure.

3    Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the

4    complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp.,

5    559 F.2d 557, 560 (9th Cir. 1977).

6          As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29

7    U.S.C. §§ 1132(f), and 29 U.S.C. § 185. The Court also finds that venue is proper under 29

8    U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a) because Plaintiff is administered in this District.

9          The Court finds that the Eitel factors weigh in favor of entry of default judgment. First,

10   without entry of default judgment, Plaintiff and its ultimate beneficiaries will be denied benefits

11   due. Second, Plaintiff has presented cogent allegations, which the Court accepts as true, that

12   Defendant has failed to timely remit contributions due. Third, the Complaint is adequately

13   drafted and sets for the basis for relief. Fourth, the amount of money at stake is clearly

14   identifiable. Fifth, the current allegations do not appear to be subject to a dispute of fact. Sixth,

15   there does not appear to be any basis to find excusable neglect given Defendant's decision not to

16   participate in this action to date despite being properly served. Seventh, while the Federal Rules

17   favor a decision on the merits, the Court finds that absent a default judgment Plaintiff will be

18   stymied in its efforts to vindicate its rights and protect the rights of the covered workers to obtain

19   benefits due. On balance, the Court finds that the Eitel factors weigh in favor of entry of default

20   judgment.

21         Based on the allegations in the Complaint and the supporting evidence provided, the

22   Court finds that Defendant failed to timely remit contributions to the Trust for its covered

23   employees for January 2022. (Reid Aff. ¶ 11; Hughes Decl. ¶¶ 7, 20 & Ex. D.) The Court finds

24

that the amounts owed are properly calculated as: (1) $63.10 in untimely benefits; (2) $12.62 in liquidated damages; and (2) $0.87 in interest due from January 2022 through July 28, 2022.

The Court also finds that Plaintiff is entitled to attorneys' fees and costs incurred to date. The Court assesses this request under the relevant criteria outlined in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70, <u>abrogated on other grounds by</u> <u>City of Burlington v. Dague</u>, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Id.</u> Plaintiff has provided evidence (albeit sparse) to support each of these factors in an affidavit from counsel and its supporting exhibits. (Dkt. No. 8.) The Court finds this evidence persuasive that the hours expended, the costs incurred, and the hourly rates requested are reasonable. Given the records provided, the Court awards Plaintiff $552.15 in attorneys' fees and $482.00 in costs. (See <u>id.</u>)

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Entry of Default Judgment. The Court hereby AWARDS Plaintiff Default Judgment in the following amounts: (1) $63.10 in delinquent contributions; (2) $12.62 in liquidated damages; (3) $0.87 in interest; (4) $552.15 in attorneys' fees; and (5) $482.00 in court costs.

\\

\\

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated September 20, 2022.

Marsha J. Pechman
United States Senior District Judge